**RAUSCH MANUFACTURING COMPANY, Relator,**

v.

**MINNESOTA OCCUPATIONAL SAFETY AND HEALTH REVIEW BOARD, et al., Respondents.**

No. C1–84–162.

Court of Appeals of Minnesota.

Aug. 7, 1984.

Review Denied Oct. 19, 1984.

Terrence P. Durkin, St. Paul, for relator.

Steven M. Gunne, Sp. Asst. Atty. Gen., St. Paul, for Comm. Dept. of Labor and Industry.

Hubert H. Humphrey, III, Atty. Gen., Erica Jacobson, Sp. Asst. Atty. Gen., St. Paul, for MN Occupational Safety and Health Review Bd.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

On November 23, 1982, respondent Commissioner of Labor and Industry assessed penalties of $121,000 against relator for failing to abate safety and health hazards. On June 28, 1983, a hearing examiner upheld the failure to abate notice, but recalculated the penalties at $59,600. On December 30, 1983, respondent Board affirmed the examiner. Relator sought review by writ of certiorari on January 25, 1984. We reverse.

## FACTS

Since June 1979 relator Rausch has been repeatedly cited and fined by respondent Commissioner for various industrial safety hazards. A chronological summary of pertinent facts indicates:

June 11, 1979: Two citations issued by Minnesota Department of Labor and Industry, involving six violations, including excess noise, silica dust and beryllium dust exposure.

February 29, 1980: Settlement agreement and order executed, specifying time for abatement.

December 23, 1980: Two additional citations issued, charging asbestos exposure and improper air recirculation.

January 8, 1981: A failure to abate notice issued, imposing penalties for June 11, 1979 violations. Relator contested notice.

April 22, 1981: Respondent Board dismissed relator's contest of the failure to abate notice.

December 31, 1981: A new failure to abate notice issued, imposing additional penalties for June 11, 1979 violations.

January 6, 1982: A failure to abate notice issued for December 23, 1980 asbestos exposure citation. Both December and January notices contested.

April 13, 1982: A hearing examiner dismissed relator's contest of the December and January failure to abate notices because relator did not properly certify it had posted notice of the challenge.

June 3, 1982: Respondent Board affirmed examiner and dismissed relator's challenge of December 1981 and January 1982 failure to abate notices for failure to post notice and certify posting and relator sought judicial review of Board's decision.

November 23, 1982: A failure to abate notice issued for June 11, 1979 violations and December 23, 1980 violation and penalties of $121,000 were assessed, which relator contested.

June 28, 1983: Hearing examiner upheld November 1982 failure to abate notice, with minor exception, but reduced penalties to $59,600.

December 30, 1983: Respondent Board affirmed hearing examiner.

January 25, 1984: Relator sought review by certiorari of Board's December 30, 1983 decision.

May 4, 1984: Ramsey County District Court reversed the Board's June 3, 1982 order.

## ISSUES

1. Was respondent Commissioner estopped from issuing a failure to abate notice during the pendency of relator's appeal of the June 3, 1982 Order?

2. Did respondent Commissioner properly issue the November 23, 1982 failure to abate notice in the absence of an on-site inspection?

3. Were penalties for failure to abate industrial safety hazards properly calculated?

## ANALYSIS

Relator argues the November 1982 failure to abate notice and assessed penalties were based on the June 3, 1982 Board decision dismissing relator's contest of December 1981 and January 1982 citations. The date the fines began to run was June 3, 1982. The Board's decision was appealed to Ramsey County District Court and reversed on May 4, 1984. Rausch argues that respondent Commissioner was estopped from issuing further citations while judicial review of the June 1982 Order was pending.

Minn.Stat. § 182.661 (1982) authorizes the Commissioner to impose penalties for an employer's failure to correct a violation when a final order has been issued by the Board. A hearing examiner ruled the November 23, 1982 failure to abate notice was based upon a February 1980 settlement agreement and the Board's April 22, 1981 Order. The Commissioner's pleadings, however, clearly state the final order, upon which the penalties were based, was issued by respondent Board on June 3, 1982. On appeal from the hearing examiner, respondent Board held its June 1982 final order was not automatically stayed by relator's filing for judicial review. This contradicted the examiner's finding the November 1982 penalties were not based upon the June 3, 1982 decision.

Respondent Commissioner continues to argue the June 1982 Board decision was not the basis for the November 1982 penalties. The Board's decision and the Commissioner's own pleadings require a contrary conclusion. The statute authorizes penalties only after the Board has issued a final order on the citation. Minn.Stat. § 182.661, subd. 2 (1982).

Judicial review of a final order of the Board is governed by the Administrative Procedure Act. Minn.Stat. § 182.665 (1982). The filing of a petition for review does not stay enforcement of the order

unless the agency or reviewing court so order. Minn.Stat. § 14.65 (Supp.1983). Relator was never granted a stay of the order being appealed.

The June 1982 "final order" was overturned by Ramsey County' District Court. Even though a stay was not automatic on appeal of the Board's June 1982 decision, it would be inequitable to validate penalties based upon an overturned order.

Since penalties may not be imposed on the basis of the June 3, 1982 decision, we need not reach the questions of an on-site inspection or proper calculation of penalties.

### DECISION

The November 1982 failure to abate notice and penalties were based upon an overturned order dated June 3, 1982. Penalties may not be imposed on that basis.

Reversed.